968 A.2d 1174

IN THE MATTER OF S. DORELL KING, AN ATTORNEY AT LAW.

April 29, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–130, concluding that **S. DORELL KING** of **VERONA,** who was admitted to the bar of this State in 1980, and who has been suspended from the practice of law since June 17,

1998, should be censured for violating *RPC* 1.15(a)(failure to safeguard client funds), and good cause appearing;

It is ORDERED that **S. DORELL KING** is hereby censured; and it is further

ORDERED that the Orders of the Court filed June 17, 1998, June 22, 1998, March 12, 1999, March 21, 2002, and October 15, 2004, are hereby modified to provide that respondent be suspended from practice until she satisfies the judgment in favor of the New Jersey the Lawyers' Fund for Client Protection based on the Lawyers' Fund's payment of the claim of respondent's client in the *Franklin* matter; and it is further

ORDERED that the three-month term of suspension ordered by the Court on March 12, 1999, shall commence when respondent satisfies the judgment in favor of the Lawyers' Fund, and the additional terms of suspension ordered by the Court shall be consecutive to the three-month suspension and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall enroll in and successfully complete the Skills and Methods Core Courses of the Institute for Continuing Legal Education; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that after reinstatement to the practice of law, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.