**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3248-21

JEANNE A. STEIN,

    Plaintiff-Respondent,

v.

RICHARD W. STEIN,

    Defendant-Appellant.

_____

Submitted October 30, 2023 – Decided January 22, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-0515-15.

LisaBeth Klein, attorney for appellant.

Goodgold, West & Bennett, attorneys for respondent (Jonathan S. Goodgold, of counsel and on the brief).

PER CURIAM

Defendant appeals from the Family Part's post-judgment order denying his motion to vacate two prior post-judgment orders. For the reasons that follow, we affirm.

I.

Plaintiff Jeanna Stein and defendant Richard Stein were married for twenty years before divorcing on March 17, 2016. They executed a Marital Settlement Agreement (MSA), which outlined the parties' respective financial obligations and the custody and visitation rights regarding their only son. Plaintiff and defendant agreed to share joint legal custody of their son and "agreed not to make any official . . . physical custody arrangement." In practice, defendant retained "primary physical custody" of their son. Pursuant to the MSA, the parties' son would be emancipated "by operation of law, without an order by the court, when the child reaches 19 years of age," unless the parties agreed otherwise, or the "custodial parent" made an affirmative request for the continuation of child support due to specific circumstances. Both the affirmative request and the parties' mutual consent were subject to the court's approval.

A-3248-21

Since the divorce, there has been extensive litigation to enforce various terms of the MSA.[1]  On December 3, 2019, the court entered an order submitted by defendant, pursuant to the five-day rule, awarding, in relevant part, defendant's August 21, 2019 application for continued child support, to which plaintiff consented, and affirming the prior award of counsel fees to plaintiff.  Although his attorney submitted the order pursuant to the five-day rule and no one opposed it, defendant moved for reconsideration of the December 3, 2019, Order.  The court denied reconsideration on the papers on February 28, 2020 (the February Order).

For reasons unknown, the parties did not receive the February Order until June 2021.  In March 2021, plaintiff attempted to contact defendant to discuss their son's emancipation but received no response.  Plaintiff moved on April 20, 2021, to declare their son emancipated, address overpaid child support, and to enforce outstanding post-judgment orders (the April motion).

Oral argument on the April motion was scheduled for August 27, 2021, after several adjournments.  Two weeks before oral argument, defendant sought another adjournment from the court.  Defendant sent the court a letter from his

---

[1]  The case has also been the subject of an appeal concerning the Qualified Domestic Relations Order.  Stein v. Stein, No. A-5204-17 (App. Div. Dec. 6, 2019) (slip op. at 1-2).

doctor stating defendant was "being treated . . . for health conditions which require further review, and certain immediate changes in his daily life routines." Defendant requested an adjournment of at least sixty days.

Around the time of his adjournment request, the record reflects defendant was in communication with the trial court's law clerk and court staff "on no less than 20 occasions." The trial court contacted defendant to offer a telephonic appearance, but defendant declined. The court denied defendant's adjournment request, and informed defendant he was free to participate in the upcoming oral argument remotely or telephonically. On August 27, 2021, the trial court placed an oral opinion on the record to support the order entered on September 1, 2021 (the September Order).

The September Order declared the parties' son emancipated as of May 18, 2021, ruled on the overpaid child support, and entered a judgment on the prior orders of counsel fees and interest. Defendant did not file a motion for reconsideration or timely appeal the September Order.

Plaintiff then moved in December 2021 to turn over levied funds. In response, defendant opposed plaintiff's motion, and, for the first time, moved to vacate the February 2020 and September 2021 Orders. Defendant argued the court should vacate the February Order because of the approximate eighteen-

month delay in providing it to defendant. He argued he was not given an opportunity to appeal or move to reconsider the order denying reconsideration, rendering the September Order a nullity.

The trial court rejected arguments relating to the February Order, noting defendant focused on the delay in receiving the order and did not "address the substantive reasons why [the February Order] should be vacated." The court stated it did, in fact, address all defendant's submissions to the court, both in the February Order, and later during oral argument in August 2021. It found defendant's reconsideration motion was the subject of two days' worth of oral argument and defendant's motion for reconsideration did not provide any meritorious reason to warrant additional oral argument or vacate the order.

Concerning the September Order, defendant asserted the order was "based upon fraudulent misrepresentations from . . . plaintiff and misconduct of both plaintiff's counsel and the [court]" and argued the court violated HIPAA and New Jersey law. Defendant contended he was "not required to reveal the precise nature of a medical condition or other . . . intimate details of treatment." He also argued that if the court felt it did not have enough information, it should have taken testimony from defendant. In addition, defendant claimed plaintiff was

A-3248-21

not entitled to emancipation of their child because the MSA required the parties to mediate first.

The court rejected defendant's arguments and stated defendant was not asked or required to reveal his diagnosis and noted defendant's doctor's letter was devoid of any information indicating defendant could not participate in oral argument due to his condition, at least remotely or telephonically. Regardless, the court considered all of the papers, "none of which really addressed 90 percent of the application. . . . [Defendant] spent a lot of time addressing the issue of the emancipation of [their son], [but] there really wasn't much of any objection to the entry of the judgments in this matter." Rather, defendant "addresses his inability to appear for oral argument on August 27th as the basis for the vacatur, [and] goes on to address the issue of the QDRO that was decided in 2017."

As to the alleged misrepresentations by plaintiff and misconduct by the court, the court reminded defendant that plaintiff sought to discuss their son's emancipation via email on March 3, 2021, and he never responded, effectively precluding plaintiff from mediating the issue. The court concluded "defendant in this matter has failed to identify specifically any mistake, inadvertence, surprise, or excusable neglect, any fraud, misrepresentation, or other misconduct

6

of an adverse party, or any other reason justifying relief from the operation of the [September Order] . . . [and] has failed to identify what specifically was not complied with . . . respect to Rule 4:50-1."

In a May 12, 2022 order the trial court denied defendant's motion to vacate, granted plaintiff's motion for a turnover of funds, and denied defendant's oral motion to stay the order. Defendant now appeals from that order.

## II.

A trial court's ruling on a motion to vacate an order or judgment lies within its sound discretion, Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 293 (App. Div. 2021), and is thus afforded substantial deference, U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). On appeal, we will leave the trial court's determination "undisturbed unless it represents a clear abuse of discretion." DEG, LLC v. Township of Fairfield, 198 N.J. 449, 261 (2009) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). Reversal is warranted only when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

7

As an initial matter, defendant's notice of appeal states he is appealing the entirety of the May 12, 2022, Order but does not address many of the rulings. That order granted plaintiff's request for the turnover of funds levied in defendant's bank account as a result of prior orders entered by the court, denied defendant's motion to vacate, and denied defendant's oral request for a stay. However, defendant's brief addresses only the motion to vacate. Because defendant failed to provide legal argument as to the other portions of the May 12, 2022, order, we deem those arguments abandoned and do not address them. State v. Shangzhen Huang, 461 N.J. Super. 119, 125 (App. Div. 2019), aff'd o.b. 240 N.J. 56 (2019).

Defendant contends the trial court erroneously failed to vacate the February and September Orders pursuant to Rule 4:50-1(a), (c), or (f) for a bevy of circumstances.[2] He argues the approximately eighteen-month delay in receiving the February Order precluded him from disputing the order and prejudiced his ability to defend against plaintiff's subsequent April motion,

---

[2] Defendant also mentions Rule 4:50-1(d), which was argued below, but does not present any argument in his papers on appeal. To the extent defendant seeks to assert the judgment is void pursuant to Rule 4:50-1(d) on appeal, we decline to address that issue. See Mack-Cali Realty Corp. v. State, 466 N.J. Super. 402, 439 n.13, 439-40 (App. Div. 2021), aff'd o.b. 250 N.J. 550 (2022) (declining to address an argument on appeal limited to a single sentence and footnote).

which resulted in the September Order. He contends that the extensive delay prevented him from consulting with an attorney to discuss the ramifications of the February Order and how it would relate to plaintiff's April motion. The extensive delay, he argues, thus tarnished both the February and September Orders. According to defendant, the trial court's delay in distributing the February Order was the very kind of error Rule 4:50-1(a) was intended to protect against.

Defendant also contends plaintiff's April motion constituted misconduct worthy of vacatur. According to the MSA, each party was prohibited from filing motions with the court prior to mediation. By filing her motion with the court, defendant claims plaintiff "implicitly misrepresented" the parties attempted mediation.

Finally, defendant argues the denial of his adjournment request "violated his right to due process" and thus entitles him to vacate the February and September Orders. Concerning both the February and September Orders, defendant maintains the trial court was required to provide an adjournment considering his "medical emergency." He argues, because the trial court did not have specific knowledge of defendant's ailment or what, exactly, the ramifications of his condition were, it should have erred on the side of caution

9

and granted the adjournment. At the very least, the court should have investigated his condition further so as not to "deprive[] defendant of his opportunity to be heard."

### III.

The court is permitted to relieve a party from a final judgment or order on a showing of "mistake, inadvertence, surprise, or excusable neglect," R. 4:50-1(a); or fraud (extrinsic or intrinsic), misrepresentation, "or other misconduct of an adverse party," R. 4:50-1(c). Additionally, pursuant to Rule 4:50-1(f), a judgment or order may be vacated "for any other reason justifying relief . . . ." Equitable principles should guide the court's analysis regardless of the subsection. MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)). A motion to vacate is not a substitute for an appeal, see In re Est. of Schifftner, 385 N.J. Super. 37, 43 (App. Div. 2006); nor does it permit a second bite of the apple, DEG, LLC, 198 N.J. at 261.

The February Order denied reconsideration of defendant's own order, submitted pursuant to the five-day rule, wherein he prevailed on the issue of child support, and had nothing to do with the subsequent emancipation of the parties' son. All but one of the actions defendant argues requires the vacatur of

10

the February Order occurred after the order's entry:  his late receipt of the February Order; the parties' failure to attend mediation before the April motion; plaintiff's alleged misrepresentations to the court in the April motion; and defendant's denied adjournment request in August 2021.  Only the denial of his motion for reconsideration without oral argument occurred prior to entry of the February Order.

Defendant fails to explain how these post-February events warrant vacatur of the February Order.  The family court was correct to deny defendant's motion as to those events which postdate the February Order and have no bearing on the order's entry.  Additionally, because defendant's motion for reconsideration did not address the substance of the prior judgments, the court was within its discretion to deny oral argument on the February Order.  R. 5:5-4; Palombi v. Palmobi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)).

The April motion, to which defendant filed opposition, involved the emancipation of the parties' son.  In his opposition, defendant failed to oppose emancipation substantively.  Even on appeal, defendant continues to fail to address the substantive merits of either the February Order or the September Order, arguing only that procedural deficiencies require vacatur of both orders.

11

Defendant points only to his surprise in losing his motion for reconsideration and the length of time it took to receive the February Order as a basis for vacatur. This, in turn, he claims prejudiced his ability to respond to the April motion and the oral argument in August 2021. However, the record is clear the court considered defendant's opposition to the April motion and defendant's failure to appear at the August 2021 oral argument was not due to the late receipt of the February Order, but rather to his vague medical condition.

With respect to Rule 4:50-1(c), defendant's only assertion of misconduct lies in plaintiff's failure to mediate pursuant to the MSA prior to filing the April motion seeking emancipation. Defendant claims plaintiff made an "implicit representation . . . that she had satisfied all the conditions precedent to litigation" in relation to the September Order. Plaintiff adequately demonstrated any reasonable attempt at mediation would have been unsuccessful because defendant refused to respond to her email to discuss emancipation.

Rule 4:50-1(f), the "catch-all" provision, provides relief from a judgment when exceptional situations arise. DEG, LLC, 198 N.J. at 269-70; Guillaume, 209 N.J. at 468, 494. However, the broad language of subsection (f) "does not present the court with a standardless residual discretionary power to set aside judgments." Hous. Auth. of Town of Morristown, 135 N.J. at 285 (quoting

Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)) (internal quotation marks and brackets omitted).

Regarding the trial court's refusal to grant defendant's adjournment request, defendant's argument is equally unavailing.  Piscitelli v. City of Garfield Zoning Board of Adjustment, 237 N.J. 333 (2019), upon which defendant relies, is inapposite, as are all the other cases cited by defendant, which dealt with trial adjournments.  Defendant sought to adjourn oral argument on a motion, not a trial, based solely on a letter from his doctor, which stated he was "being treated . . . for health conditions which require further review, and certain immediate changes in his daily life routines."  The doctor's note did not state defendant was undergoing a "medical emergency" or could not participate in oral argument, and defendant was offered a telephonic accommodation.  The record demonstrates defendant's opposition papers to plaintiff's April motion were considered by the trial court, which noted they did not address the subject to the motion, and because any oral argument would have been limited to his opposition papers, his absence from oral argument cannot be deemed to have deprived him of any right to oppose the April motion.  We discern no abuse of discretion in denying the motion to vacate both orders and affirm.

To the extent we have not addressed defendant's remaining arguments, we find they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14 A-3248-21